# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTY BITZKO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELTMAN, WEINBERG & REIS CO., LPA,<br><br>Defendant(s). | Civil Action No.: 1:17-CV-0458 (BKS/DJS)<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff CHRISTY BITZKO, by and through her attorneys, Law Offices of Stuart Werbin, hereby brings this Class Action Complaint against Defendant WELTMAN, WEINBERG & REIS CO., LPA, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION

1. This is an action for damages brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C.

§ 1343.  Venue is properly in this Court under 28 U.S.C. §§(b)(2) and (b)(3),
because a substantial part of the events giving rise to the claim occurred in this
judicial district, and Defendant is subject to this Court's personal jurisdiction
with respect to this action.

## PARTIES

3.  Plaintiff, Christy Bitzko, is an adult residing in Schenectady, NY.

4.  Defendant Weltman, Weinberg & Reis Co., LPA is a law firm regularly
    engaged in the business of collecting debts in this State with its principal place
    of business located at 965 Keynote Circle, Brooklyn Heights, OH 44131. The
    principal purpose of Defendant is the collection of debts using the mails and
    telephone, and Defendant regularly attempts to collect debts alleged to be due
    another.

5.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the
    FDCPA.

6.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## CLASS ALLEGATIONS

7.  Plaintiffs bring this claim on behalf of the following, pursuant to Fed. R. Civ.
    P. 23(a) and 23(b)(3).

8.  The Class consists of (a) all individuals nationwide to whom Weltman,
    Weinberg & Reis Co., LPA mailed collection letters (b) which misrepresent
    that the letters are from attorneys and that attorneys were meaningfully
    involved, when the attorneys were not meaningfully involved in preparing and
    sending the letters; and which contain no disclaimer concerning Weltman,

Weinberg & Reis Co., LPA's lack of meaningful attorney involvement in the collection of these consumers' alleged debts; (c) which explicitly or implicitly threaten unintended legal action; (d) which were sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

9. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

10. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. § 1692e.

11. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

12. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

13. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)   **Numerosity**: The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b)   **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e.

(c)   **Typicality**: The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)   **Adequacy**: The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a

single forum efficiently and without unnecessary duplication of effort and

expense that individual actions would engender.

14. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil

Procedure is also appropriate in that the questions of law and fact common to

members of the Plaintiff Classes predominate over any questions affecting an

individual member, and a class action is superior to other available methods for

the fair and efficient adjudication of the controversy.

15. Depending on the outcome of further investigation and discovery, Plaintiffs

may, at the time of class certification motion, seek to certify a class(es) only as

to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

16. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through

15 herein.

17. Defendant Weltman, Weinberg & Reis Co., LPA ("WWR") attempted to

collect a debt allegedly owed by Plaintiff relating to consumer purchases

allegedly owed to National Collegiate Student Loan Trust.

18. The debt at issue arises out of an alleged transaction which was primarily for

personal, family or household purposes and falls within the definition of "debt"

for purposes of 15 U.S.C. § 1692a(5).

19. Defendant sent Plaintiff an initial dunning letter dated August 11, 2016. This

letter is attached as Exhibit A.

20. This letter was written on Defendant's letterhead which clearly states that

WWR is a law firm.

21. This letter is not signed by any individual. It simply states, "Sincerely, Weltman, Weinberg & Reis, L.P.A."

22. Plaintiff's account was not actually reviewed by any attorney.

23. Defendant, acting as a law firm, has not had any meaningful involvement in the collection of Plaintiff's alleged debt.

24. Defendant misleads consumers into believing that its letters are from an attorney, acting as an attorney, and that there is meaningful attorney involvement in the collection of the alleged debt.

25. Defendant's letters do not contain any disclaimer concerning the Defendant's lack of meaningful attorney involvement in the collection of Plaintiff's alleged debt.

26. The least sophisticated consumer would likely be deceived into believing that this letter is from an attorney, acting as an attorney.

27. Defendant's letter to Plaintiff would also be viewed by the least sophisticated consumer as an implied threat of legal action if the alleged debt is not paid.

28. Defendant never intended to commence any legal action against Plaintiff.

29. Defendant has not initiated any legal action against Plaintiff.

30. Thus, Defendant falsely raised the specter of potential legal action, in violation of the FDCPA.

31. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

32. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

33. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

34. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

35. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLAIMS FOR RELIEF
(Fair Debt Collection Practices Act)

36. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 35 herein.

37. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

38. Defendant violated provisions of the FDCPA, including, but not limited to, the following:

39. The FDCPA § 1692e(3) prohibits the false representation that any communication is from an attorney. § 1692e(5) prohibits threatening to take any action that is not intended to be taken.  § 1692e(10) prohibits any false

representation or deceptive means to collect a debt.  By using its law firm letterhead, and stating that it was a law firm, without clarifying that it was not acting in its capacity as a law firm, but merely as a debt collector, Defendant falsely implied meaningful attorney involvement, falsely represented that it was acting in its legal capacity and falsely raised the specter of potential legal action, in violation of the FDCPA.

40. The above violations of § 1692e are also violations of § 1692f, as they constitute engaging in unfair or unconscionable means to collect or attempt to collect any debt.

41. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

## PRAYER FOR RELIEF

   WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Stuart D. Werbin, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(c) Awarding Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(d) Awarding Plaintiff and the Class costs and reasonable attorney's fees

pursuant to 15 U.S.C. § 1692k(a)(3);

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as may be

just and proper.

Dated: April 25, 2017
Brooklyn, New York

**Law Offices of Stuart Werbin**

By: <u>/s/ *Stuart D. Werbin*</u>
    Stuart D. Werbin, Esq.
    1615 Avenue I, Ste. 519
    Brooklyn, NY 11230
    Tel (646) 942-7464
    Fax (347) 710-1015
    swerbin@werbinlaw.com
    *Attorneys for Plaintiff*

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff hereby requests a trial by jury.

Dated: April 25, 2017            <u>/s/ *Stuart D. Werbin*</u>
                                 Stuart D. Werbin, Esq.