UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTY BITZKO, individually and on behalf of all
others similarly situated,

                                                  1:17-cv-00458 (BKS/DJS)

                                  Plaintiffs,

v.

WELTMAN, WEINBERG & REIS CO., LPA,

                                  Defendants.
_____

**Appearances:**

*For Plaintiff and Class:*
Craig B. Sanders
Barshay Sanders, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530

*For Defendant:*
Glenn M. Fjermedal
Davidson Fink, LLP
28 East Main Street, Suite 1700
Rochester, New York 14614

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Presently before the Court is the parties' joint motion, (Dkt. No. 84), under Federal Rule of Civil Procedure 23(c)(1)(C), to modify the current certified nationwide class, in this Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, action, "to a more limited class within the geographic limits of the Second Circuit Court of Appeals." (Dkt. No. 84-1, at 1). The parties' motion is granted.

## II. BACKGROUND[1]

When the Court granted Plaintiff Christy Bitzko's motion for class certification under Rule 23(b)(3), it certified the following nationwide class in connection with the claim that Defendant Weltman, Weinberg & Reis Co., LPA ("WWR") failed to inform class members that their debt may increase, in violation of 15 U.S.C. § 1692e:

> All consumers to whom Weltman, Weinberg & Reis Co., LPA (WWR) mailed letters seeking to collect debts: (i) which were primarily for personal, family, or household purposes; and (ii) which debts were subject to increase based on interest and/or late fees; and (iii) to whom WWR sent letters failing to disclose that the amount of the debt was subject to increase; (iv) during the period from on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

*Bitzko v. Weltman, Weinberg & Reis Co., LPA*, No. 17-cv-00458, 2019 WL 4602329, at *20, 2019 U.S. Dist. LEXIS 161495, at *55 (N.D.N.Y. Sept. 23, 2019). Since certification, the parties have determined that this class potentially includes "85,000+ individuals," rendering any recovery de minimis. (Dkt. No. 84-1, at 2–3). The parties therefore jointly request that the Court modify the class to encompass only those class members within "the Second Circuit Court of Appeals geographic footprint." (Dkt. No. 84-1, at 2–3).

## III. DISCUSSION

"It is well-established that a court has the inherent power and discretion to redefine and modify a class in a way which allows maintenance of an action as a class action." *New Jersey Carpenters Health Fund v. Residential Cap., LLC*, No. 08-cv-5093, 2013 WL 6839093, at *1, 2013 U.S. Dist. LEXIS 180913, at *13 (S.D.N.Y. Dec. 27, 2013) (quoting *In re Methyl Tertiary Butyl Ether (MTBE) Products Liab. Litig.*, 241 F.R.D. 435, 438 (S.D.N.Y. 2007)); *see also*

---

[1] The Court assumes familiarity with the facts and procedural history set forth in the Court's decision on Plaintiff's prior motion for class certification, *Bitzko v. Weltman, Weinberg & Reis Co., LPA*, No. 17-cv-00458, 2019 WL 4602329, 2019 U.S. Dist. LEXIS 161495 (N.D.N.Y. Sept. 23, 2019).

*Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001) ("[T]he district court is often in the best position to assess the propriety of the class and has the ability, pursuant to Rule 23(c)(4)(B), to alter or modify the class, create subclasses, and decertify the class whenever warranted."). The Court previously found that Plaintiff established ascertainability and satisfied Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy as well as Rule 23(b)(3)'s requirements of predominance and superiority. *Bitzko*, 2019 WL 4602329, at *12–20, 2019 U.S. Dist. LEXIS 161495, at *35–56. The Court incorporates its prior analysis by reference and considers whether modification of the class to narrow the geographic area from nationwide to the jurisdiction of the Second Circuit impacts that analysis.

    A.    **Ascertainability**

The Court previously found that "since the class is specified with objective criteria—consumers to whom WWR, within a certain specified time, sent debt collection letters for debts which were subject to increase based on interest and/or late fees, but failed to disclose that the amount of the debt was subject to increase—and that definition is 'sufficiently definite,' such that a determination is 'objectively possible,' the ascertainability requirement is met." *Bitzko*, 2019 WL 4602329, at *13, 2019 U.S. Dist. LEXIS 161495, at *37 (quoting *Univs. Superannuation Scheme Ltd. v. Petróleo Brasileiro S.A. (In re Petrobras Sec.)*, 862 F.3d 250, 260, 269–70 (2d Cir. 2017)). Similarly, here, it is "objectively possible" to identify those consumers to whom WWR "mailed letters within the jurisdiction of the Second Circuit." Presumably WWR can, through its records, identify which letters were sent to addresses within the Second Circuit—namely letters mailed to consumers in Connecticut, New York, and Vermont. (*See* Dkt. No. 45-4, ¶ 31 (declaration by WWR compliance officer indicating that

when retained to collect on an account, it receives, among other things, the consumer's name and address)).

**B.      Numerosity**

The parties represent that "[s]ince the time the class was certified, it has been determined there to be a national class of over 85,000 members."[2] (Dkt. No. 84-1, at 3). If the class is limited to the Second Circuit, the proposed class will be reduced to approximately 4,300 potential class members. (Dkt. No. 86, at 1). This more than satisfies numerosity. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011) (agreeing with the district court that numerosity was satisfied where the class included 275 people).

**C.      Commonality, Typicality, and Adequacy of Representation**

For the reasons the Court previously identified, commonality, typicality, and adequacy of representation is satisfied. *Bitzko*, 2019 WL 4602329, at *16–18, 2019 U.S. Dist. LEXIS 161495, at *45–49.

**D.      Predominance and Superiority**

For the reasons the Court previously identified, predominance is satisfied.[3] *Id.* at *18, 2019 U.S. Dist. LEXIS 161495, at *49–51. In order to certify a class under Rule 23(b)(3), the Court must also determine whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In doing so, the

---

[2] At the time of certification, Plaintiff indicated that there were more than 58,000 individuals to whom WWR had mailed letters; although there was no evidence that these individuals were "consumers," the Court concluded that even if "less than 0.1% of individuals contacted were consumers," numerosity would be satisfied. *Bitzko*, 2019 WL 4602329, at *16, 2019 U.S. Dist. LEXIS 161495, at *44–45.

[3] Although the parties assert that "[c]ase law interpreting the [FDCPA] is not consistent throughout the country . . . it is not advisable to co-mingle 85,000+ individuals from these disparate jurisdictions into one class," (Dkt. No. 84-1, at 1), the FDCPA is a federal law and "there is ultimately a single proper interpretation of federal law." *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175 (D.C. Cir. 1987). This assertion, therefore, does not provide a basis for modifying the class definition. However, as noted, predominance is nonetheless satisfied for the other reasons previously identified by the Court.

Court considers factors including: (1) "the class members' interests in individually controlling the prosecution or defense of separate actions"; (2) "the extent and nature of any litigation concerning the controversy already begun by or against members of the class"; (3) "the desirability or undesirability of concentrating the litigation in the particular forum"; and (4) "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)–(D). While the Court previously found a national class a superior method for adjudication, its finding was based on a class that was a percentage of 58,000 individuals. *Bitzko*, 2019 WL 4602329, at *16, 19, 2019 U.S. Dist. LEXIS 161495, at *44–45, 51–54. Upon further discovery, the parties have "determined there to be a national class of over 85,000 members" who "would receive a nominal settlement of less than three dollars ($3.00) in damages"; the parties explain that, because "the cost of providing proper notices may be as much as $4.00 per class member," "the potential award has gone from *de minimis* to virtually nothing." (Dkt. No. 84-1, at 3). The Court concludes that this change in the anticipated number of class members alters the superiority analysis because "[s]uch an insignificant recovery is harmful to a putative plaintiff who might have prosecuted his claim individually but failed to opt-out of the class, and it is meaningless to everyone else." *Gallego v. Northland Grp., Inc.*, 102 F. Supp. 3d 506, 510 (S.D.N.Y. 2015), *aff'd in relevant part, vacated in part*, 814 F.3d 123 (2d Cir. 2016). In support of the present motion, the parties indicate that "it would be fair to anticipate there to be a minimum recovery of at least $21.00 per member, based on WWR's admitted net worth" of $9,453,130 with 1% totaling $94,531.30. (Dkt. No. 86, at 2). Accordingly, considerations of superiority warrant the geographic narrowing of the class definition.

IV.   **CONCLUSION**

    For these reasons,

      **ORDERED** that the parties' joint motion to modify the class definition (Dkt. No. 84) is **GRANTED**; and it is further

      **ORDERED** that the class definition is modified[4] as follows:

> All consumers to whom Weltman, Weinberg & Reis Co., LPA mailed letters to addresses within the jurisdiction of the Second Circuit Court of Appeals seeking to collect debts: (i) which were primarily for personal, family, or household purposes; and (ii) which debts were subject to increase based on interest and/or late fees; and (iii) to whom WWR sent letters failing to disclose that the amount of the debt was subject to increase; (iv) during the period from on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

      It is further **ORDERED** that the parties are directed to file a joint status report regarding settlement by November 18, 2020.

      **IT IS SO ORDERED.**

Dated: November 4, 2020
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[4] The Court, in consultation with the parties, (Dkt. Nos. 85, 86), added "to addresses" after "mailed letters" in the first part of the class definition to ensure clarity as to how presence in the "jurisdiction in the Second Circuit" is determined for purposes of class membership.