# INDIVIDUAL SETTLEMENT AND RELEASE AGREEMENT

This Individual Settlement Agreement and Release (the "Individual Settlement Agreement") is made and entered into as of April ___, 2021, by and among Plaintiff Christy Bitzko ("Plaintiff"), individually and Defendant Weltman, Weinberg & Reis Co., LPA ("WWR" or "Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties." This Individual Settlement Agreement is intended by the Parties to fully, finally and forever resolve, discharge and settle individually on behalf of the Plaintiff the Released Claims, as defined herein, upon and subject to the terms and conditions herein.

## RECITALS

**WHEREAS,** a dispute has arisen between the Parties involving alleged Fair Debt Collection Practices Act ("FDCPA") violations.

**WHEREAS,** the Plaintiff initiated a class action and individual suit against WWR in the Northern District of New York, Case No. Case No.:17-CV-00458-BKS-DJS (the "Action"); and

**WHEREAS,** on July 17, 2017 Plaintiff filed an Amended and Operative Complaint which alleges that Defendant violated the FDCPA by sending her a debt collection letter: (i) on law firm letterhead even though WWR attorneys were not meaningfully involved in its creation in violation of 15 U.S.C Section 1692e; (ii) that failed to provide a complete notice of the correct "amount of the debt" she owed in violation of 15 U.S.C Section 1692g; and (iii) that failed to inform her that her debt may increase in violation of 15 U.S.C Section 1692e. (Docket No.13);

**WHEREAS,** the Court denied summary judgment for Defendant as to Plaintiff's individual meaningful involvement claim finding triable issues of fact identified as (i) to Plaintiff's Amended Complaint above and granted Defendant's motion for summary judgment dismissing Plaintiff's notice of correct "amount of debt" claim identified in (ii) to Plaintiff's Amended Complaint which is withdrawn with prejudice by the Plaintiff. (Docket No. 59).

**WHEREAS,** the Court granted summary judgment in favor of Plaintiff's only remaining class based accruing interest claim identified as (iii) to Plaintiff's Amended Complaint (Docket No. 59) in which the Court further granted a Rule 23(b)(3) class (Docket No. 85) defined as follows:

> All consumers to whom Weltman, Weinberg & Reis Co., LPA mailed letters to addresses within the jurisdiction of the Second Circuit Court of Appeals seeking to collect debts: (i) which were primarily for personal, family, or household purposes; and (ii) which debts were subject to increase based on interest and/or late fees; and (iii) to whom WWR sent letters failing to disclose that the amount of the debt was subject to increase; (iv) during the period from on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

**WHEREAS,** the class-based accruing interest claim identified in (iii) to Plaintiff's Amended Complaint is not part of this Individual Settlement Agreement which is limited to the only remaining individual "meaningful attorney involvement' claim identified in section (i) to the Plaintiff's Amended Complaint. The class-based accruing interest claim will be subject to a separate Class Settlement Agreement and Release which is being submitted to the Court for preliminary and final approval and properly identifies Plaintiff's separate class recovery and class representative award. The underlying debt is in no way affected by this Individual Settlement and Release Agreement.

**WHEREAS,** the Parties foresee differing outcomes with respect to the remaining individual meaningful attorney involvement claim which will require an extensive trial on disputed issues of fact coupled with commensurate costs and a possible appeal. For these reasons, the Parties agree that it would be in their mutual best interests to settle and resolve this individual claim to finalize the settlement of this lawsuit completely and on a global basis.

## AGREEMENT

**NOW, THEREFORE**, in consideration of the Recitals and mutual covenants contained in this Settlement and Release Agreement and other good and valuable consideration, the Parties agree as follows:

1. **Payment.** WWR shall pay to Plaintiff's counsel the amount of Nineteen Thousand Dollars, and No Cents ($19,000.00) as full payment of Plaintiff's individual actual, statutory and attorney fee damages which sum shall be paid thirty (30) days after the Effective Date.

2. **Dismissal.** Upon receipt of the individual settlement funds, Plaintiff shall execute and file a Stipulation of Discontinuance dismissing her individual claims with prejudice.

3. **Plaintiff's Release.** Christy Bitzko, and her respective heirs, successors, and assigns, hereby release and discharge WWR and National Collegiate Student Loan Trust 2007-2 ("NCSLT") and their respective parents, subsidiaries, affiliate corporations, shareholders, directors, officers, employees, representatives, agents, heirs, successors, and assigns, from any and all obligations, liabilities, damages, claims, causes of action, losses, damages, costs, expenses, and attorneys' fees of every kind and nature, in law or in equity, whether the facts on which the same may be based are not known or unknown, which the Plaintiff ever had, now have, or hereafter may have, for, on account of, or by any reason of any action, transaction, occurrence, omissions, relationship, matter, cause or thing to the extent that they relate to Plaintiff's individual claims for statutory and actual damages associated with her meaningful attorney involvement claim identified as (i) to the Plaintiff's Amended Complaint.

4. **No Admission of Liability.** The Parties understand and agree that this Settlement and Release Agreement is a compromise of actual and possible disputes and claims, known or unknown, and is not to be construed as an admission of liability on the part of any party. The Parties hereby expressly deny liability or responsibility for all such claims.

5. **Accord and Satisfaction.** This Settlement and Release Agreement is an accord and satisfaction of all of the obligations and claims between the Parties in the Action. This Settlement and Release Agreement is executed voluntarily and each party was represented by counsel and has read and understands its contents.

**6.     Acknowledgement.**  The Parties represent that they have had adequate opportunity to consider the terms of this Settlement and Release Agreement, and that this Settlement and Release Agreement is being entered into of their own free will, and not based on any coercion or inducements made by the other party.

**7.     Governing Law.**  This Settlement and Release Agreement shall be enforced and interpreted according to the laws of the State of New York excluding any choice of law rule, which would direct the application of the law of any other jurisdiction.

**8.     Entire Agreement.**  This Settlement and Release Agreement is a full settlement of the Action and contains the entire Settlement and Release Agreement of the Parties and supersedes all previous and contemporaneous Settlement and Release Agreements, negotiations and understandings, whether written or oral.  This Settlement and Release Agreement may be modified only by a written Settlement and Release Agreement, signed by the Parties, expressly modifying this Settlement and Release Agreement.

**9.     Negotiated Settlement and Release Agreement.**  This Settlement and Release Agreement has been negotiated between the Parties.  In the event of any dispute over the interpretation of this Settlement and Release Agreement, there shall be no rule of construction requiring that the Settlement and Release Agreement be construed in favor of or against either of the Parties.

**10.    Payment of Costs and Fees.**  Each side shall bear its own costs and expenses.

**11.    Authority.**  The Parties each represent and warrant that this Settlement and Release Agreement has been properly authorized by the respective organizations, and that the persons signing this Settlement and Release Agreement on their behalf are duly authorized to do so.

**12.    Counterparts.**  This Settlement and Release Agreement may be signed in counterparts, and facsimile signatures are acceptable.

IN WITNESS WHEREOF, the Parties have executed this Settlement and Release Agreement under seal as of the date first written above.


**CHRISTY BITZKO**

_____

**WELTMAN, WEINBERG & REIS CO., LPA**

By: _____
Printed Name: _____
Its: _____